In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-090 CV


____________________



CHARLES LYONS, Appellant



V.



NICOLE M. BROWN, Appellee






On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. C-1597






 MEMORANDUM OPINION 


 Charles Lyons brings this pro se appeal from the trial court's grant of a protective
order that prohibits him from contacting or communicating with Nicole Brown or her three
minor children. We affirm.

 Brown, who formerly lived with Lyons, applied for the protective order. In support,
she filed an affidavit stating that Lyons threatened her with a gun and also threatened to burn
her house down while she and her children were inside. Lyons is not the father of any of
Brown's children. 

 On appeal, Lyons complains that "[a]ll the evidence was not presented, nor did my
witnesses [testify]." We interpret this complaint as an assertion that the trial court abused
its discretion by not allowing Lyons to present his witnesses or other evidence.

 Both Lyons and Brown represented themselves at the hearing on Brown's application. 
Brown testified on her behalf and Lyons cross-examined her, during which he interjected his
version of the facts. Ultimately, the court asked: "Anything else by either one of you?" 
Lyons responded by providing a document that he contends proved that Brown was violent. 
Brown protested that the records were not hers. The court reviewed the document and
informed Lyons that the document related to Brown's husband, not to Brown. Lyons replied: 
"Oh, okay." 

 The record shows that the trial court did not refuse to allow Lyons to present witnesses
or other evidence. Thus, the trial court did not abuse its discretion. See City of Brownsville
v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995) (finding that a party appealing from an
adverse evidentiary ruling must not only establish a clear abuse of discretion but also
demonstrate how the case turned on the particular evidence admitted or excluded). We
overrule Lyons's issue.

 The trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on September 26, 2006

Opinion Delivered November 22, 2006

Before Gaultney, Kreger, and Horton, JJ.